**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

OCT 22 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SARA VARGAS RAMIREZ; et al., | No. 18-73156 |
| Petitioners, | Agency Nos. A208-930-455 A208-930-456 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 15, 2019**

Before:    FARRIS, LEAVY, and RAWLINSON, Circuit Judges.

Sara Vargas Ramirez and her minor child, natives and citizens of Mexico,

petition for review of the Board of Immigration Appeals' ("BIA") order dismissing

their appeal from an immigration judge's ("IJ") decision denying their application

for asylum, withholding of removal, and relief under the Convention Against

---

*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

As to asylum and withholding of removal, petitioners fail to challenge in their opening brief the BIA's determination that they did not establish past persecution and that they waived before the BIA any challenge to the IJ's future persecution finding. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived). Petitioners also fail to challenge the BIA's determination that they waived any challenge to the IJ's denial of CAT relief. *Id*. Thus, petitioners' asylum, withholding of removal, and CAT claims fail.

We reject petitioners' contention that the BIA did not meaningfully address the issues raised.

We do not address petitioners' contentions as to the IJ's adverse credibility determination and corroborative evidence because the BIA did not reach those issues. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) (review limited to grounds relied upon by the BIA). We lack jurisdiction to

consider petitioners' contention that the IJ violated their due process rights because they failed to raise the claim to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**